IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
    PELVIC REPAIR SYSTEM
    PRODUCTS LIABILITY LITIGATION     MDL 2187

THIS DOCUMENT RELATES TO:

*Morrison v. Blasingame, Burch, Garrard & Ashley, P.C.*      Civil Action No. 2:17-cv-04133

ORDER

Before the court is the Motion to Dismiss the Complaint, filed by the defendant Blasingame, Burch, Garrard & Ashley, P.C. ("BBGA") on October 30, 2017 ("Motion to Dismiss"). [ECF No. 22]. On November 13, 2017, the plaintiff Danna Morrison filed a Brief in response, opposing the Motion ("Response"). [ECF No. 27]. BBGA filed a Reply on November 20, 2017 ("Reply"). [ECF No. 29]. The matter is ripe for adjudication. Also before the court is the Joint Motion for Expedited Consideration of the Motion to Dismiss. [ECF No. 28]. The Joint Motion for Expedited Consideration is **GRANTED** and, for the reasons stated below, the Motion to Dismiss is **GRANTED**.

I.     BACKGROUND

The plaintiff in this case previously instituted a civil action against Covidien, C.R. Bard, and other related companies concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence (hereinafter, the "MDL case"). Compl. ¶ 5. That case resided in one of the seven MDLs assigned

1

to me by the Judicial Panel on Multidistrict Litigation. *See Morrison v. C.R. Bard, Inc. et al.*, 2:11-cv-00960 (S.D. W. Va. 2011); Transfer Order [ECF No. 18]. The plaintiff retained the services of BBGA to represent her interests in the MDL case. Compl. ¶ 7. On November 16, 2016, I granted the parties' joint motion to dismiss, which represented that the parties compromised and settled all claims, and dismissed the MDL case with prejudice. At the time, the plaintiff was a debtor in an active bankruptcy case. *In re Morrison*, No. 1:11-bk-11426-NWW (Bankr. E.D. Tenn. 2011); Memo. in Supp. Mot. to Dismiss 4-5, Ex. A.[1]

The instant case arises from the plaintiff's claim that BBGA made certain false representations in an attempt to coerce her into accepting the settlement of her claims in the MDL case. Compl. ¶ 12. Based on these misrepresentations, the plaintiff states that she accepted the proposed settlement for substantially less than she would have agreed to settle voluntarily. Compl. ¶13. Seeking relief, the plaintiff filed her original complaint in Tennessee on May 17, 2017, advancing five counts: (I) professional negligence; (II) negligent misrepresentations; (III) breach of contract; (IV) breach of common law duty of good faith and fair dealing; and (V) breach of fiduciary obligations. Compl. ¶¶ 15-21. On October 6, 2017, the Judicial Panel on Multidistrict Litigation transferred the case here. *See* Transfer Order [ECF No. 18].

BBGA now moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that plaintiff lacks standing and, in the

---

[1] The court takes judicial notice of the record in plaintiff's bankruptcy case. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").

alternative, that she failed to state a claim upon which relief can be granted.

## II. <u>LEGAL STANDARD</u>

The United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, §2. The doctrine of standing gives this limitation meaning, requiring a plaintiff to demonstrate: "(1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." *Wikimedia Foundation v. National Security Agency*, 857 F.3d 193, 207 (4th Cir. 2017) (citing *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014)).

On the other hand, a motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

III. <u>DISCUSSION</u>

BBGA's motion to dismiss focuses primarily on the causal connection factor of the standing doctrine. In order to show a causal connection, a plaintiff must establish that his injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

As noted above, the crux of the plaintiff's complaint is that but-for the alleged misconduct of BBGA, she would not have agreed to the proposed settlement of her claims in the MDL case. As a result, the plaintiff alleges that she suffered harm because she believes her claims settled for "substantially less" than she would have agreed to settle voluntarily. Compl. ¶ 15. In moving to dismiss, BBGA argues that the plaintiff lacks standing because she did not have the authority to accept or reject the proposed settlement agreement in the MDL case. At the pertinent time, BBGA states, the plaintiff was a debtor in an active bankruptcy case. According to BBGA, the Trustee representing the interests of the plaintiff's bankruptcy estate had the sole authority to pursue settlement or a trial of the plaintiff's underlying claims in the MDL case. Because the Trustee authorized the settlement in the MDL case, only the Trustee – a third party not before the court – could have caused the plaintiff's alleged injury in this case. As a result, BBGA asserts that the plaintiff lacks standing in this case because she cannot establish a causal connection between her injury and the challenged conduct of BBGA.

A. Relevant Bankruptcy Law

4

A bankruptcy estate is created upon the commencement of a bankruptcy proceeding. *See* 11 U.S.C. § 541(a) (2012). The bankruptcy court then appoints a trustee to represent the interests of the bankruptcy estate. *See* 11 U.S.C. § 323(a). Under federal law, a Chapter 7 bankruptcy trustee "is charged with the duty to 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest.'" *In re Williams*, No. 09-36121-KRH, 2013 WL 3992860, at *4 (Bankr. E.D. Va. Aug. 1, 2013) (quoting 11 U.S.C. § 704(a)(1)). This duty also requires the trustee to ascertain whether any causes of action belong to the estate – i.e., are "property of the estate" – and, if it would benefit the estate, pursue them. *Id.*

A cause of action, such as the one in question here, is considered "property of the estate" if it *accrued prior to the creation of the bankruptcy estate.*" *Miller v. Pac. Shore Funding*, 92 F. App'x 933, 936 (4th Cir. 2004); *see also Auday v. Wetseal Retail, Inc.,* 698 F.3d 902, 904 (6th Cir. 2012) (finding the plaintiff's age-discrimination claim as property of the bankruptcy estate when she petitioned for bankruptcy four days after her termination). "It is well settled that the right to pursue causes of action formerly belonging to the debtor," if it accrued before the creation of the estate, "vests in the trustee for the benefit of the estate." *Bauer v. Commerce Union Bank*, 859 F.2d 438 440-41 (6th Cir. 1988). In such cases, the "debtor has no standing to pursue such causes of action." *Id.* at 441; *see also In re Cannon*, 277 F.3d 838, 853 (6th Cir. 2002) ("The trustee stands in the shoes of the debtor and has standing to bring any action that the bankrupt could have brought had he not filed a petition for bankruptcy.")

5

(citing 11 U.S.C. § 541).

On this issue, the parties dispute whether the plaintiff's cause of action supporting her claims in the MDL case accrued before or after the creation of the plaintiff's bankruptcy estate.

### B. Relevant Timeline of Events

The plaintiff filed a Chapter 7 Voluntary Petition in Bankruptcy on March 14, 2011 ("bankruptcy case"). The bankruptcy case closed on August 31, 2011, and remained closed until, upon motion by the Trustee, the bankruptcy court reopened the case on September 21, 2015. The plaintiff filed her complaint in the MDL case on December 2, 2011,[2] after her bankruptcy case closed, but before it reopened. *See Morrison v. C.R. Bard, Inc. et al.*, 2:11-cv-00960 (S.D. W. Va. 2011).

On July 26, 2016, in the bankruptcy case, the Trustee filed a Motion to Approve Compromise and Settlement, identifying the proposed settlement in the MDL case as an asset of the plaintiff's reopened bankruptcy estate. Memo. in Supp. of Mot. to Dismiss 6-7, Ex. D. Thereafter, on August 15, 2016, the plaintiff filed a response to the Trustee's motion. Memo. in Supp. of Mot. to Dismiss 8, Ex. E. In this filing, the plaintiff did not contest the MDL settlement amount, its identification as property of the bankruptcy estate, or raise any issues regarding potential coercion, misrepresentation, or breach of fiduciary duties.[3] *Id.* On September 27, 2016, the

---

[2] The court takes judicial notice of the date plaintiff filed her complaint in the MDL case. *Colonial Penn Ins. Co. v. Coil,* 887 F.2d 1236, 1239 (4th Cir.1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.").
[3] According to the complaint, the plaintiff discovered BBGA's alleged misconduct "by the end of May 2016," following a consultation with an attorney advising plaintiff during her bankruptcy proceeding. Compl. ¶ 14.

Bankruptcy court granted the Trustee's motion and approved the settlement of the plaintiff's claims in the MDL case. Memo. in Supp. of Mot. to Dismiss 8, Ex. F. There is no evidence in the record indicating an appeal from this decision.

IV. ANALYSIS

The plaintiff now seeks to distance her cause of action from the bankruptcy estate, claiming that the alleged misconduct of BBGA discovered in "late May 2016," and her "lost . . . right to a trial by jury," is the object of her complaint in this case. Resp. 4; Compl. ¶ 14. I disagree. It is clear from the complaint that the plaintiff seeks recovery of a perceived loss in damages stemming from the MDL case, as each claim turns on the acceptance of the settlement agreement in the MDL case. The complaint otherwise alleges no other cognizable harm.

The plaintiff also argues that the cause of action must have accrued after the creation of the bankruptcy estate because the original bankruptcy petition predates even the procurement of BBGA's services in anticipation of the MDL case. This, of course, ignores the reopening of the bankruptcy case in 2015, *after* the institution of the MDL case, and the fact that the bankruptcy estate *identifies* as property of the estate the proposed settlement agreement from the MDL case. When afforded the opportunity to challenge the inclusion of the MDL case as "property of the estate" in the bankruptcy case, the plaintiff remained silent on the issue. *See* Memo. in Supp. of Mot. to Dismiss 8, Ex. E. Only now, after the resolution of her bankruptcy proceeding and in a separate court, does the plaintiff adopt the position that the MDL case is not "property of the estate."

### A. Collateral Estoppel[4]

As the Supreme Court has noted, collateral estoppel relieves parties of "the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Montana v. United States,* 440 U.S. 147, 153-154 (1979). Under this judicially created preclusion doctrine, parties or their privies are precluded from relitigating certain legal or factual issues in a later proceeding. *In re Microsoft Corp. Antitrust Litig.,* 355 F.3d 322, 326 (4th Cir. 2004).

> To apply collateral estoppel or issue preclusion to an issue or fact, the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding..

*Id.*

Given the undisputed facts in this case, it is clear that the issue of whether the MDL case is "property of the estate," has been actually and necessarily determined in the plaintiff's earlier bankruptcy proceeding. Because the plaintiff did not object in any manner, despite a full and fair opportunity to do so, the doctrine of collateral estoppel precludes her from relitigating this issue now. Thus, I find that the MDL

---

[4] In moving to dismiss, BBGA asserts a judicial estoppel, and not a collateral estoppel, defense. I, however, will not address applicability of the doctrine of judicial estoppel at this time because the undisputed facts in this case clearly raise an issue of collateral estoppel, which warrants consideration sua sponte. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (noting that "certain affirmative defenses implicate important institutional interests of the court," such as collateral estoppel, "and may sometimes be properly raised and considered *sua sponte*").

8

case was "property of the estate."

## B. Standing

Because the right to pursue the MDL case vested in the Trustee, only the Trustee was empowered to compromise or advance to trial the plaintiff's claims underlying the MDL case. *Bauer*, 859 F.2d at 441. Though the Trustee had a duty to consider the plaintiff's interest in any surplus funds remaining from the settlement agreement, such a consideration does not, as suggested by the plaintiff, confer standing to the plaintiff in the MDL case or here. *See id.* ("While the trustee must give consideration to the debtors' interest[s] . . . he must also protect the interests of unsecured creditors . . . and in the first instance the person vested with responsibility for deciding whether to settle or fight is the trustee, not the debtor."). At bottom, there is no question that the Trustee was authorized to approve the settlement of the plaintiff's claims in the MDL case with or without the endorsement of the plaintiff. Whether or not the plaintiff's "approval" of the settlement agreement in the MDL case was coerced, it was or would have been entirely independent from the actual authorization of the agreement and, therefore, not causally connected to the plaintiff's alleged harm.

The plaintiff also argues that if she objected to the Trustee's motion to approve the settlement agreement, the bankruptcy court would have "conducted an evidentiary proceeding" on the fairness and equitability of the settlement, which the plaintiff states did not happen. Resp. 7. This objection is entirely unsupported, speculative, and overlooks the bankruptcy court's obligation to consider the fairness

9

and reasonableness of such agreements prior to approval. *In re Bostic Const., Inc.*, 435 B.R. 46, 55 (Bankr. M.D.N.C. 2010); *In re Wood*, No. 00-14460-RGM, 2008 WL 2244972, at *2 (Bankr. E.D. Va. May 30, 2008). It also ignores the fact that the plaintiff states she knew of BBGA's alleged misconduct *prior* to the Trustee's motion seeking approval of the proposed settlement in the bankruptcy case.[5] When afforded the opportunity to raise any objection to the proposed settlement agreement in the bankruptcy proceeding – such as those enumerated in the complaint – the plaintiff again remained silent. Memo. in Supp. Mot. to Dismiss 9-10, Ex. E. For the same reasons as outlined above, the plaintiff cannot now raise such objections.

Likewise, the plaintiff's challenges to the propriety of the bankruptcy court's evaluation and approval of the settlement agreement are not reviewable by this court.

V. **Conclusion**

For the reasons stated above, the court **ORDERS** that the Motion for Expedited Consideration of the Motion to Dismiss [ECF No. 29] is **GRANTED** and the Motion to Dismiss [ECF No. 22] is **GRANTED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 4, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[5] According to the complaint, the plaintiff became aware of the alleged misconduct "in late May 2016" after a consultation with counsel representing her in the bankruptcy proceeding. Compl. ¶ 14. As stated above, the Trustee filed the Motion to Approve Compromise and Settlement on July 26, 2016, and the plaintiff responded on August 15, 2016.